FILED

08 FEB 21 PM 5:03

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

ARREST ON OUT-OF-DISTRICT OFFENSE

CASE NUMBER: **'08 MJ 0515**

The person charged as <u>Jose Enrique Rodriguez, Jr.</u> now appears before this United States District Court for an initial appearance as a result of the following charges having been filed in the United States District Court for the <u>Central</u> District of <u>California</u> on <u>February 20, 2008</u> with: <u>Conspiracy to Bring and Transport Illegal Aliens for Financial Gain</u>, in violation of: <u>Title 18 United States Code, Section 371</u>.

The charging documents and warrant for the arrest of the defendant which was issued by the above United States District Court are attached hereto.

I hereby swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: <u>02/21/08</u>

_____
Bernardino Soto
Border Patrol Agent

Reviewed and Approved

DATE:
_____
Special Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| United States of America | CASE NUMBER: |
|---|---|
| Plaintiff(s) | **CR 08 00197** |
| v. | |
| JOSE ENRIQUE RODRIGUEZ, JR. aka Trigger | **WARRANT FOR ARREST** |
| Defendant(s) | |

TO: UNITED STATES MARSHAL AND ANY AUTHORIZED UNITED STATES OFFICER

**YOU ARE HEREBY COMMANDED** to arrest  **JOSE ENRIQUE RODRIGUEZ, JR., aka Trigger**

and bring him/her forthwith to the nearest Magistrate Judge to answer a(n): ☐ Complaint ■ Indictment
☐ Information    ☐ Order of Court    ☐ Probation Violation Petition    ☐ Violation Notice

charging him/her with: (ENTER DESCRIPTION OF OFFENSE BELOW)

**Conspiracy to Bring and Transport Illegal Aliens for Private Financial Gain;**

in violation of Title __18:__ United States Code, Section(s) __371:__

| Sherri R. Carter | February 20, 2008     LOS ANGELES, CALIFORNIA |
|---|---|
| NAME OF ISSUING OFFICER | DATE AND LOCATION OF ISSUANCE |
| Clerk of Court | |
| TITLE OF ISSUING OFFICER | |
| JANET AGHBOLAGHI | BY: CARLA WOEHRLE |
| SIGNATURE OF DEPUTY CLERK | NAME OF JUDICIAL OFFICER |

## RETURN

THIS WARRANT WAS RECEIVED AND EXECUTED WITH THE ARREST OF THE ABOVE-NAMED DEFENDANT AT (LOCATION):

| 2/20/08 | Bernardino Soto |
|---|---|
| DATE RECEIVED | NAME OF ARRESTING OFFICER |
| 2/21/08 | Border Patrol Agent |
| DATE OF ARREST | TITLE |
| DESCRIPTIVE INFORMATION FOR DEFENDANT CONTAINED ON PAGE TWO | SIGNATURE OF ARRESTING OFFICER |

**WARRANT FOR ARREST**

CR-12 (07/04)                                                                                     PAGE 1 OF 2

FILED

2008 FEB 20 PM 2:41

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### December 2007 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 08- **08 00197** |
| Plaintiff, | **I N D I C T M E N T** |
| v. | [18 U.S.C. § 371: Conspiracy to Bring and Transport Illegal Aliens for Private Financial Gain; 8 U.S.C. § 1324(a)(2)(B)(ii): Bringing Illegal Aliens for Private Financial Gain; 8 U.S.C. § 1327: Aiding, Assisting, and Conspiring to Permit Certain Aliens to Enter the United States; 18 U.S.C. § 2(a), (b): Aiding and Abetting and Causing an Act to be Done] |
| EDGAR EDUARDO ACEVES aka "Chucky," EDUARDO ACEVES-MURRILLO, DAVID FERNANDEZ, GLADYS ANILU LEAL, aka "Gladys Pacheco," JOSE ENRIQUE RODRIGUEZ, JR. aka "Trigger," CLAUDIA ACEVES, | |
| Defendants. | |

The Grand Jury charges:

## COUNT ONE

[18 U.S.C. § 371]

**A. OBJECTS OF THE CONSPIRACY**

Beginning on a date unknown to the Grand Jury and continuing to at least August 31, 2006, in Los Angeles and Ventura Counties, within the Central District of California and elsewhere, defendants EDGAR EDUARDO ACEVES ("ACEVES"), also known as ("aka")

1  "Chucky," EDUARDO ACEVES-MURRILLO ("ACEVES-MURRILLO"), DAVID
2  FERNANDEZ ("FERNANDEZ"), GLADYS ANILU LEAL ("LEAL"), aka "Gladys
3  Pacheco," JOSE ENRIQUE RODRIGUEZ, JR. ("RODRIGUEZ"), aka
4  "Trigger," CLAUDIA ACEVES ("C. ACEVES"), and others known and
5  unknown to the Grand Jury, conspired and agreed with each other:
6      1.   to bring one or more aliens to the United States for
7  the purpose of commercial advantage and private financial gain,
8  knowing that each alien had not received prior official
9  authorization to come to, enter, or reside in the United States,
10 in violation of Title 8, United States Code, Section
11 1324(a)(2)(B)(ii); and
12      2.   to transport and move one or more aliens within the
13 United States for commercial advantage and private financial
14 gain, knowing that each alien had not received prior official
15 authorization to come to, enter, or reside in the United States,
16 in violation of Title 8, United States Code, Sections
17 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i).
18 B.  **MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE**
19      **ACCOMPLISHED**
20      The objects of the conspiracy were to be accomplished, in
21 substance, as follows:
22      1.   Defendant ACEVES would direct and oversee the alien
23 smuggling activities by making arrangements with drivers to
24 smuggle illegal aliens from Mexico through various points of
25 entry at the Mexico/United States international border, and by
26 coordinating the transport of the smuggled illegal aliens within
27 the United States to the Oxnard and Los Angeles, California
28 vicinity, within the Central District of California.

2. Co-conspirator Arturo Rodriguez-Leon ("Rodriguez-Leon") would assist defendant ACEVES in carrying out the day-to-day smuggling operations, including purchasing extra-cab pickup trucks to conceal, smuggle, and transport no more than one or two illegal aliens into and within the United States at a time, so that, if intercepted or thwarted by immigration authorities or other law enforcement personnel, the drivers would be less likely to be arrested and charged criminally due to the relatively few number of smuggled aliens involved.

3. Using "Chucky's Auto Repair" and "Aceves Upholstery," adjoining facilities for auto repair, body work, and auto upholstery, which were owned and operated by defendants ACEVES and ACEVES-MURRILLO in Oxnard, California, within the Central District of California, defendant ACEVES-MURRILLO, would construct hidden compartments and/or modify rear-seats in the extra-cab pickup trucks in order to conceal illegal aliens from detection when entering the United States at various ports of entry.

4. Defendants ACEVES and RODRIGUEZ, and co-conspirator Rodriguez-Leon, would recruit drivers to carry out the smuggling activities.

5. Defendants ACEVES, ACEVES-MURRILLO, FERNANDEZ, LEAL, RODRIGUEZ, and C. ACEVES, and co-conspirators known and unknown to the Grand Jury, would bring illegal aliens (including unaccompanied minors and previously deported aliens with aggravated felony convictions) across the Mexico/United States border at various ports of entry by concealing those illegal aliens in hidden compartments and/or modified rear seats of

3

1 | extra-cab pickup trucks.
2 |     6.   Defendants ACEVES, ACEVES-MURRILLO, FERNANDEZ, LEAL,
3 | RODRIGUEZ, and C. ACEVES, and co-conspirators known and unknown
4 | to the Grand Jury, would transport illegal aliens (including
5 | unaccompanied minors and previously deported aliens with
6 | aggravated felony convictions) within the United States to the
7 | Oxnard and Los Angeles, California vicinity, within the Central
8 | District of California.
9 |     7.   Between May 15, 2005, and August 31, 2006, on at least
10 | 25 separate instances, defendants ACEVES, ACEVES-MURRILLO,
11 | FERNANDEZ, LEAL, RODRIGUEZ, and C. ACEVES, and co-conspirators
12 | known and unknown to the Grand Jury, drove and caused to be
13 | driven vehicles associated with the alien smuggling organization
14 | with one or more illegal aliens concealed therein for the purpose
15 | of entering into or traveling within the United States in
16 | violation of United States immigration laws.
17 |     8.   Defendants ACEVES, ACEVES-MURRILLO, FERNANDEZ, LEAL,
18 | RODRIGUEZ, and C. ACEVES, and co-conspirators known and unknown
19 | to the Grand Jury, would engage in such alien smuggling
20 | activities for profit. Specifically, defendant ACEVES would
21 | charge approximately $1,500 to $3,000 for each illegal alien to
22 | be smuggled to the Oxnard and Los Angeles, California area from
23 | Mexico. From the alien smuggling fees collected, members of
24 | defendant ACEVES' alien smuggling organization would be paid,
25 | including the owners of the vehicles used to cross the border,
26 | defendant ACEVES-MURRILLO for constructing the hidden
27 | compartment/modified rear seat in the vehicle, and the passengers
28 | and drivers who brought the aliens across the border.

C. **OVERT ACTS**

In furtherance of the conspiracy and to accomplish its objects, on or about the dates indicated below, defendants ACEVES, ACEVES-MURRILLO, FERNANDEZ, LEAL, RODRIGUEZ, and C. ACEVES, and co-conspirators known and unknown to the Grand Jury, committed the following overt acts, among others, within the Central District of California and elsewhere:

**May 15, 2005 Alien Smuggling Activities**

1. On May 15, 2005, defendant C. ACEVES, and known and unknown co-conspirators, traveled from Oxnard, California, to Tijuana, Mexico, in defendant ACEVES' extra-cab pickup truck for the purpose of loading and concealing an illegal alien, H. Gaytan (a previously deported aggravated felon), in the modified cab-area of the pickup truck, and intended to smuggle illegal alien H. Gaytan through the San Ysidro, California Port of Entry and transport H. Gaytan to Oxnard, California.

2. On May 15, 2005, at approximately 5:30 a.m., defendant C. ACEVES, and known and unknown co-conspirators, drove from Mexico into the United States at the San Ysidro, California Port of Entry with illegal alien H. Gaytan concealed in the modified cab-area of defendant ACEVES' pick-up truck.

**August 13, 2005 San Ysidro Alien Smuggling Activities**

3. On an unknown date before August 13, 2005, defendant ACEVES-MURRILLO constructed a hidden compartment/modified rear cab-area in co-conspirator Rodriguez-Leon's pickup truck in order to conceal illegal aliens from detection by immigration officials.

4. On or before August 13, 2005, defendant ACEVES and co-

5

conspirator Rodriguez-Leon recruited G. Ambriz to smuggle an illegal alien into the United States for which G. Ambriz was to be paid approximately $500.

5. On or before August 13, 2005, defendant ACEVES agreed to pay approximately $300 to co-conspirator Rodriguez-Leon for the use of his extra-cab pickup truck to smuggle an illegal alien into the United States.

6. On August 13, 2005, at approximately 4:25 a.m., G. Ambriz, D. Del Toro, and F. Romero, drove from Mexico into the United States at the San Ysidro, California Port of Entry in co-conspirator Rodriguez-Leon's pickup truck with illegal alien R. Morales in the modified cab-area of the pickup truck.

### August 13, 2005 Otay Mesa Alien Smuggling Activities

7. On or before August 13, 2005, defendant ACEVES agreed to pay $500-$600 to C. Ramirez to smuggle two illegal alien unaccompanied minors into the United States.

8. On or about August 13, 2005, defendant ACEVES instructed J. Valencia to smuggle the minors into the United States for which she was to be paid $1,000.

9. On or about August 13, 2005, defendant ACEVES met J. Valencia and C. Ramirez in Oxnard, California, and provided them with a pickup truck containing a modified rear cab-area.

10. On or about August 13, 2005, C. Ramirez followed defendant ACEVES to Mexico in the pickup truck.

11. On or about August 13, 2005, defendant ACEVES concealed the two illegal alien unaccompanied minors in the modified rear cab-area of the pickup truck.

12. On or about August 13, 2005, at approximately 3:23

1 a.m., C. Ramirez, J. Valencia, and A. Mendez, drove from Mexico
2 into the United States at the Otay Mesa, California Port of Entry
3 in a pickup truck with unaccompanied illegal alien minors, A.
4 Magdelano and Y. Magdelano, concealed in the modified rear cab-
5 area of the pickup truck.

**August 27, 2005 Alien Smuggling Activities**

7  13. On or before August 27, 2005, defendant ACEVES agreed
8 to pay approximately $1,000 to J. Valencia.
9  14. On or before August 27, 2005, defendant ACEVES provided
10 J. Valencia with his Jeep Cherokee containing a speaker box
11 compartment to conceal an illegal alien from discovery by
12 immigration authorities.
13  15. On or about August 27, 2005, at approximately
14 7:52 a.m., J. Valencia drove from Mexico into the United States
15 at the Calexico, California Port of Entry, in defendant ACEVES'
16 Jeep Cherokee with illegal alien L. Sanchez concealed in a
17 speaker box.

**September 17, 2005 Alien Smuggling Activities**

19  16. On or about September 17, 2005, defendant ACEVES-
20 MURRILLO agreed to pay approximately $1,000 to J. Valencia and L.
21 Moreno.
22  17. On or about September 17, 2005, in Oxnard, California,
23 defendant ACEVES-MURRILLO provided L. Moreno and J. Valencia with
24 his Chevrolet Suburban containing a modified center console space
25 to conceal an illegal alien from discovery by immigration
26 authorities.
27  18. On or about September 17, 2005, defendant ACEVES
28 instructed L. Moreno to drive the vehicle from Mexico into the

7

1 United States, and instructed J. Valencia to serve as a
2 passenger.
3     19. On or about September 17, 2005, defendant ACEVES-
4 MURRILLO met L. Moreno and J. Valencia in Tijuana, Mexico, and
5 concealed illegal alien L. Razo-Ramirez in the modified center
6 console space of his Chevrolet Suburban.
7     20. On or about September 17, 2005, at approximately
8 9:43 p.m., L. Moreno and J. Valencia drove from Mexico into the
9 United States at the San Ysidro, California Port of Entry in
10 defendant ACEVES-MURRILLO's Chevrolet Suburban with illegal alien
11 L. Razo-Ramirez concealed in a modified center console space.

### October 29, 2005 Alien Smuggling Activities

13     21. On or before October 29, 2005, defendant ACEVES agreed
14 to pay approximately $500 to W. Barrera to smuggle illegal alien
15 J. Lozano into the United States.
16     22. On or about October 29, 2005, in Oxnard, California, W.
17 Barrera was provided with defendant ACEVES' extra-cab pickup
18 truck containing a modified rear bench seat designed to conceal
19 an illegal alien from discovery by immigration authorities.
20     23. On or about October 29, 2005, defendant ACEVES met W.
21 Barrera in Mexico, and concealed illegal alien J. Lozano in the
22 modified rear bench seat of his extra-cab pickup truck.
23     24. On or about October 29, 2005, at approximately
24 2:30 a.m., W. Barrera drove from Mexico into the United States at
25 the San Ysidro, California Port of Entry in defendant ACEVES'
26 pickup truck with illegal alien J. Lozano concealed in the
27 modified rear seat of defendant ACEVES' extra-cab pickup truck.
28

### November 22, 2005 (a.m.) Alien Smuggling Activities

25. On or before November 22, 2005, defendant LEAL paid defendant ACEVES-MURRILLO approximately $700 to $1,000 to construct a modified rear bench seat in her extra-cab pickup truck.

26. On or about November 22, 2005, at approximately 12:15 a.m., J. Miramontes, M. Marcos, and B. Gutierrez drove from Mexico to the United States at the Calexico, California Port of Entry in defendant LEAL's extra-cab pickup truck with unaccompanied minor D. Pomposo, and falsely claimed to immigration authorities that D. Pomposo was a United States citizen.

27. On or about November 22, 2005, at approximately 12:15 a.m., J. Miramontes, M. Marcos, and B. Gutierrez drove from Mexico to the United States at the Calexico, California Port of Entry in defendant LEAL's extra-cab pickup truck with illegal alien unaccompanied minors Z. Pomposo and O. Pomposo concealed in the modified rear seat of LEAL's extra-cab pickup truck.

### November 22, 2005 (p.m.) Alien Smuggling Activities

28. On or about November 22, 2005, co-conspirator Rodriguez-Leon instructed defendant LEAL to conceal and transport illegal alien D. Gonzalez in defendant FERNANDEZ's Dodge Durango.

29. On or about November 22, 2005, at approximately 6:45 p.m., after illegal alien D. Gonzalez had unlawfully crossed the United States/Mexico border, defendant LEAL and M. Marcos and B. Gutierrez transported and drove illegal alien D. Gonzalez, concealed in defendant FERNANDEZ's Dodge Durango, within the United States at or near Pine Valley, California.

9

### December 18, 2005: Alien Smuggling Activities

30. On or before December 18, 2005, defendant ACEVES recruited and hired W. Barrera to smuggle illegal alien M. Murillo into the United States.

31. On or about December 18, 2005, at approximately 6:45 a.m., A. DeLeon and W. Barrera drove from Mexico into the United States at the San Ysidro, California Port of Entry in a Chevrolet pickup truck with illegal alien M. Murillo concealed in a modified rear seat of the pickup truck.

### January 7, 2006 Alien Smuggling Activities

32. On or about January 7, 2006, co-conspirator Rodriguez-Leon agreed to pay approximately $300 to N. Lowe to smuggle an illegal alien into the United States.

33. On or about January 7, 2006, in Oxnard, California, defendant LEAL and co-conspirator Rodriguez-Leon provided N. Lowe with a pickup truck containing a modified rear bench seat designed to conceal an illegal alien from discovery by immigration authorities.

34. On or about January 7, 2006, co-conspirator Rodriguez-Leon met N. Lowe in Mexico, and co-conspirator Rodriguez-Leon concealed F. Magana in the modified rear bench seat of the pickup truck.

35. On or about January 7, 2006, at approximately 1:16 a.m., N. Lowe, D. Aragon, and F. Martinez drove from Mexico into the United States at the San Ysidro, California Port of Entry in the pickup truck with illegal alien F. Magana concealed in the modified rear seat of the pickup truck.

### February 4, 2006 Alien Smuggling Activities

36. On or before February 4, 2006, ACEVES agreed to pay approximately $500 to W. Barrera to smuggle illegal alien E. Mendez into the United States.

37. On or about February 4, 2006, in Oxnard, California, defendant ACEVES provided W. Barrera with a pickup truck containing a modified rear bench seat designed to conceal an illegal alien from discovery by immigration authorities.

38. On or about February 4, 2006, defendant ACEVES met W. Barrera in Mexico, and defendant ACEVES concealed illegal alien E. Mendez in the modified rear bench seat of the pickup truck.

39. On or about February 4, 2006, at approximately 11:30 p.m., W. Barrera drove from Mexico into the United States at the Otay Mesa, California Port of Entry in the pickup truck with illegal alien E. Mendez concealed in the modified rear seat of the pickup truck.

### August 21, 2006 Alien Smuggling Activities

40. On or before August 21, 2006, defendant RODRIGUEZ and co-conspirator Rodriguez-Leon recruited L. Villanueva to smuggle illegal aliens into the United States, for which L. Villanueva was to be paid approximately $1,500.

41. On or about August 21, 2006, at approximately 4:30 p.m., L. Villanueva drove from Mexico into the United States at the Calexico, California Port of Entry in co-conspirator Rodriguez-Leon's pickup truck with illegal alien M. Marquez concealed in the modified rear seat of co-conspirator Rodriguez-Leon's pickup truck.

11

### August 22, 2006 Alien Smuggling Activities

42. On or about August 22, 2006, defendant RODRIGUEZ and co-conspirator Rodriguez-Leon recruited L. Villanueva to transport aliens within the United States, for which he was to be paid approximately $1,500.

43. On or about August 22, 2006, defendant LEAL and co-conspirator Rodriguez-Leon provided L. Villanueva with defendant LEAL's GMC extended cab pickup truck containing a modified rear-cabin designed to conceal an illegal alien from discovery by immigration authorities.

44. On or about August 22, 2006, at approximately 5:59 p.m., after illegal alien I. Salazar had unlawfully crossed the United States/Mexico border, L. Villanueva transported and drove illegal alien I. Salazar, concealed in the modified rear cab-area of defendant LEAL's GMC extended cab pickup truck, within the United States at or near Pine Valley, California, which resulted in severe second-degree burns to alien I. Salazar, who was laying on the floor of the pickup truck.

### August 31, 2006 Alien Smuggling Activities

45. On or before August 31, 2006, defendant RODRIGUEZ and co-conspirator Rodriguez-Leon recruited F. Serrano to transport an illegal alien through an immigration checkpoint and within the United States, for which F. Serrano was to be paid approximately $500 to $1,000.

46. On or about August 31, 2006, defendant LEAL and co-conspirator Rodriguez-Leon provided F. Serrano with Rodriguez-Leon's pickup truck.

47. On or about August 31, 2006, defendant LEAL and co-

12

1 conspirator Rodriguez-Leon instructed F. Serrano to drive co-
2 conspirator Rodriguez-Leon's pickup truck bearing a license plate
3 registered to defendant LEAL, through the lower checkpoint at or
4 near Old Highway 80 in Pine Valley, California, and meet with
5 defendant LEAL and co-conspirator Rodriguez-Leon.
6     48.  On or about August 31, 2006, at approximately 2:45
7 p.m., after illegal alien O. Perez had unlawfully crossed the
8 United States/Mexico border, F. Serrano transported and drove
9 illegal alien O. Perez, concealed in the modified rear seat of
10 co-conspirator Rodriguez-Leon's pickup truck, within the United
11 States at or near Pine Valley, California.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

```
 1                    COUNTS TWO and THREE
 2        [8 U.S.C. § 1324(a)(2)(B)(ii); 18 U.S.C. §§ 2(a), (b)]
 3        On or about August 13, 2005, in Ventura County, within the
 4   Central District of California, and elsewhere, defendant EDGAR
 5   EDUARDO ACEVES, also known as "Chucky," aided, abetted,
 6   counseled, commanded, induced, and procured, and willfully caused
 7   J. Valencia and C. Ramirez to bring and attempt to bring the
 8   aliens described below to the United States for the purpose of
 9   commercial advantage and private financial gain, while knowing
10   and in reckless disregard of the fact that the aliens had not
11   received prior official authorization to come to, enter, and
12   reside in the United States.
13
```

| COUNT | ALIEN |
|---|---|
| TWO | A. Magdelano |
| THREE | Y. Magdelano |

COUNT FOUR

[8 U.S.C. § 1324(a)(2)(B)(ii); 18 U.S.C. §§ 2(a), (b)]

On or about September 17, 2005, in Ventura County, within the Central District of California, and elsewhere, defendant EDUARDO ACEVES-MURRILLO, aided, abetted, counseled, commanded, induced, and procured, and willfully caused J. Valencia and L. Moreno to bring and attempt to bring alien L. Razo-Ramirez to the United States for the purpose of commercial advantage and private financial gain, while knowing and in reckless disregard of the fact that alien L. Razo-Ramirez had not received prior official authorization to come to, enter, and reside in the United States.

15

## COUNT FIVE

### [8 U.S.C. § 1327]

On or about May 15, 2005, in Ventura County, within the Central District of California, and elsewhere, defendants EDGAR EDUARDO ACEVES, also known as "Chucky," and CLAUDIA ACEVES, and others known and unknown to the Grand Jury, knowingly aided and assisted an alien, namely, H. Gaytan, to enter the United States, and knowingly connived and conspired to allow, procure, and permit such alien to enter the United States, with said alien being inadmissable under Title 8, United States Code, Section 1182(a)(2), as an alien who has been convicted of an aggravated felony.

COUNT SIX

[8 U.S.C. § 1327]

On or about August 13, 2005, in Ventura County, within the Central District of California, and elsewhere, defendants EDGAR EDUARDO ACEVES, also known as "Chucky," and EDUARDO ACEVES-MURRILLO, and others known and unknown to the Grand Jury, knowingly aided and assisted an alien, namely, R. Morales, to enter the United States, and knowingly connived and conspired to allow, procure, and permit such alien to enter the United States, with said alien being inadmissable under Title 8, United States Code, Section 1182(a)(2), as an alien who has been convicted of an aggravated felony.

A TRUE BILL

/S/
Foreperson

THOMAS P. O'BRIEN
United States Attorney

[signature]

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

CURTIS A. KIN
Assistant United States Attorney
Chief, Domestic Security & Immigration Crimes Section

SANDY N. LEAL
Assistant United States Attorney
Deputy Chief, Domestic Security & Immigration Crimes Section

17